FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA**

```
In re:                          )
                                )
LYNN DEE HARRINGTON             )  Case No. 19-26964-C-7
                                )
              Debtor.           )
                                )  Adv. Pro. 20-2017-C
EL DORADO COUNTY, CALIFORNIA,   )
                                )
              Plaintiff,        )
v.                              )
                                )
LYNN DEE HARRINGTON,            )
              Defendant.        )
```

Christopher M. Klein, Bankruptcy Judge

OPINION*

    Before bankruptcy, the debtor stumbled at a threshold jurisdictional requirement of the California Government Claims Act by suing the County of El Dorado without first presenting her claim to the County, suffered a nonsuit on that account, and, having been complicit in use of a fabricated, back-dated proof of service, suffered an award of $192,672.85 in "defense costs" under California Code of Civil Procedure § 1038 for maintaining the action without reasonable cause and in bad faith.

    This adversary proceeding tests whether the § 1038 "defense costs" award is excepted from discharge as debt for "a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit" that is "not compensation for actual pecuniary loss" pursuant to 11 U.S.C. § 523(a)(7).

_____

* This Opinion replaces the Memorandum issued November 8, 2024.

1  The conclusion is that the predicate required for § 1038

2  award of "defense costs" qualifies for the discharge exception

3  under § 523(a)(7).

4

5                          Jurisdiction

6     Jurisdiction is founded on 28 U.S.C. § 1334(b). This

7  dischargeability action is a core proceeding a bankruptcy judge

8  may hear and determine. 28 U.S.C. § 157(b)(2)(I).

9

10                           Statutes

11         California Code of Civil Procedure § 1038. Defense
        costs on granting of summary judgment or nonsuit.
12
            (a) In any civil proceeding under the Government Claims
13      Act or for express or implied indemnity or for contribution
        in any civil action, the court, upon motion of the defendant
14      or cross-defendant, shall at the time of the granting of any
        summary judgment, motion for directed verdict, motion for
15      judgment under Section 631.8, or any nonsuit dismissing the
        moving party other than the plaintiff, petitioner, cross-
16      complainant, or intervenor, or at a later time set forth by
        rule of the Judicial Council adopted under Section 1034,
17      determine whether or not the plaintiff, petitioner, cross-
        complainant, or intervenor <u>brought the proceeding with
18      reasonable cause and in the good faith belief that there was
        a justifiable controversy under the facts and law which
19      warranted the filing</u> of the complaint, petition, cross-
        complaint, or complaint or answer in intervention. <u>If the
20      court should determine that the proceeding was not brought
        in good faith and with reasonable cause</u>, an additional issue
21      shall be decided as to the defense costs reasonably and
        necessarily incurred by the party or parties opposing the
22      proceeding, and the court shall render judgment in favor of
        that party in the amount of all reasonable and necessary
23      defense costs, in addition to those costs normally awarded
        to the prevailing party. An award of defense costs under
24      this section shall not be made except on notice contained in
        a party's papers and an opportunity to be heard.
25          (b) "Defense costs," as used in this section, shall
        include reasonable attorney's fees, expert witness fees, the
26      expense of services of experts, advisors, and consultants in
        defense of the proceeding, and where reasonably and
27      necessarily incurred in defending the proceeding.
            (c) This section shall be applicable only on motion
28      made before the discharge of the jury or entry of judgment,
        and any party requesting the relief pursuant to this section

                                 2

```
         waives any right to seek damages for malicious prosecution.
         Failure to make the motion shall not be deemed a waiver of
         the right to pursue a malicious prosecution action.
              (d) This section shall only apply if the defendant or
         cross-defendant has made a motion for summary judgment under
         Section 631.8, directed verdict, or nonsuit and the motion
         is granted.
```

Cal. Code Civ. Pro. § 1038 (emphasis supplied).

11 U.S.C. § 523. Exceptions to discharge

```
             § 523(a) A discharge under section 727 ... of this
         title does not discharge an individual debtor from any debt
         --
         ... (7) to the extent such debt is for a fine, penalty, or
         forfeiture payable to and for the benefit of a governmental
         unit, and is not compensation for actual pecuniary loss,
         other than [certain tax penalties].
```

11 U.S.C. § 523(a)(7).

### Findings of Fact

The parties' Joint Statement of Stipulated Facts is incorporated herein. Dkt #189.

Joint Exhibits A through J were admitted for their full probative value.

The County of El Dorado is a governmental unit of the State of California.

Lynn Dee Harrington sued El Dorado County, California, in October 2016 under California's Government Claims Act alleging a county parking lot caused excessive amounts of water to flow onto her property and damage her residence during heavy rains. Case No. PC20160402, El Dorado County Superior Court.

The complaint alleged Harrington had complied with the Government Claims Act by presenting a pre-lawsuit tort claim to the County and receiving a "right to sue letter."

The County's answer denied receiving a tort claim as

3

required by Government Code § 905, denied issuing a "right to sue letter," and requested fees and costs under § 1038.

The threshold disputed issue in the action was the jurisdictional prerequisite whether Harrington presented a pre-lawsuit tort claim to the County.

The state court bifurcated trial so as to begin with a jury trial on the threshold issue.

The parties stipulated that the County would be entitled to a directed verdict on all of the tort claims if the jury found that no pre-lawsuit tort claim was presented to the County.

At trial, Harrington's only witness was process server, Terry Nelsen.[1] Harrington and her counsel, by pretrial declaration and later at trial, relied on what turned out to be a fabricated, back-dated proof of service signed by Nelsen. The jury found that no pre-lawsuit tort claim was presented.[2]

---

[1] The trial court:

> In Ms. Harrington's declaration there was an attached copy of Terry Nelsen's proof of service from April 27, 2016. The proof of service was riddled with errors. First, it claimed Mr. Nelsen signed the proof of service on April 27, 2016, prior to when this form came into existence, evidenced by the footer on the proof of service form indicating "Rev. February 1, 2017". Second, Mr. Nelsen's name was misspelled multiple times (i.e. "Nelson" versus "Nelsen"). Third, there was no mention in Plaintiff's declaration that the proof of service was a "replacement." Mr. Nelsen claims the Court lost the proof of service. At trial, Nelsen admitted he lied about signing the proof of service in 2016 and admitted he signed the proof of service in 2017.

Ex. B at p.3; & Ex. C (Ruling on Submitted Matter), at p. 5.

[2] The trial court:

> The jury found there was not a tort claim served on the County. At trial, the jury found Ms. Harrington did not

4

1　　　　After the defense verdict on the tort issue, the trial court
2　issued a pre-hearing tentative ruling announcing an intention to
3　grant the County's motion on the basis the tort action was "not
4　brought in good faith and with reasonable cause" and awarding
5　"defense costs" of $121,837.50 in attorney's fees and $11,637.85
6　in additional costs. Hearing was set for September 13, 2019.

7　　　　In making its § 1038 award, the trial court made
8　determinations adverse to Harrington regarding two triggering
9　issues. First, whether Harrington "brought the proceeding with
10　reasonable cause." Second, whether Harrington brought the
11　proceeding "in the good faith belief that there was a justifiable
12　controversy under the facts and law which warranted the filing of
13　the complaint."

14　　　　As to § 1038 "reasonable cause" the trial court explained
15　that the analysis under California law is objective, as a matter
16　of law, on the basis of the facts known to the plaintiff when he
17　or she filed or maintained the action. Once what the plaintiff or
18　plaintiff's attorney knew has been determined, or found to be
19　undisputed, then it is up to the court to decide whether any
20　reasonable attorney would have thought the claim tenable.

21　　　　The trial court found that what both Harrington and her
22　counsel, Timothy Hamilton, knew was that the disputed proof of
23　service Nelsen allegedly signed April 27, 2016, was on a form not

---

> serve a tort claim on the County, reflecting there was no
> viable or credible explanation from Mr. Nelsen, or anyone
> else, related to these inconsistencies on the proof of
> service. Mr. Hamilton called only one witness, Mr. Nelsen.
> Mr. Nelsen's testimony was wholly not credible. The jury's
> verdict indicates Mr. Nelsen's lack of credibility.

Exhibit C.

5

created until February 1, 2017, and that they knew that the typed names on the form misspelled the name of the signer twice as Nelson, not Nelsen. In short, they were complicit in use of a fabricated, back-dated proof of service regarding a key jurisdictional requirement.

The trial court concluded that what Harrington and her attorney knew was that there was not reasonable cause to continue to maintain the action.[3]

The § 1038 question of "good faith" under California law involves a factual inquiry into the plaintiff's subjective state of mind linked to "belief that there was a justifiable controversy under the facts and law which warranted the filing of the complaint."

Applying that analysis the trial court relied on the facts determined with respect to reasonable cause, together with the "complete lack of cooperation by" plaintiff's counsel in response

---

[3]The ruling was:

> The Court finds, as a matter of law, that the plaintiff, Ms. Harrington, and her attorney Mr. Hamilton knew the contents of the proof of service. The inconsistencies in the proof of service were obvious; it was not reasonable for the attorney to pursue the causes of actions, requiring plaintiff to serve a tort claim on the agency.
> Furthermore, plaintiff's counsel acted unreasonably. Mr. Hamilton knew plaintiff's lawsuit did not have a valid proof of service for the tort claim prior to filing the original complaint. To put plaintiff's counsel in the best light (assuming he was acting in good faith), Mr. Hamilton operated under the assumption a claim was filed with the County, without having the proof of service from Mr. Nelsen until May of 2017. A reasonable attorney would have obtained the tort claim, and the proof of service, prior to filing this lawsuit.

Exhibit C at pp. 4-5.

6

to defense requests for documentation, then found the plaintiff lacked good faith.[4]

The tentatively-announced § 1038 award was still interlocutory when Harrington filed chapter 7 case No. 19-26498 on October 18, 2019. When dismissed for procedural failures, she filed the present case No. 19-26964 on November 7, 2019.

El Dorado County filed this adversary proceeding February 18, 2020, seeking to except the still-interlocutory § 1038 "defense costs" award from discharge alleging nondischargeability

---

[4]The trial court:

> Based on the aforementioned facts and the facts below and given the complete lack of cooperation by Mr. Hamilton when Mr. Caulfield requested the requisite documentation starting on April 20, 2017, the Court finds plaintiff lacked good faith.
> The County received from plaintiff the "Declaration of Lynn D. Harrington in Support of a Motion for Leave to file a First Amended Complaint" on May 31, 2017 to add a claim of inverse condemnation, which does not require a tort claim. In Ms. Harrington's declaration there was an attached copy of Terry Nelsen's proof of service from April 27, 2016. The proof of service was riddled with errors. First, it claimed Mr. Nelsen signed the proof of service on April 27, 2016, prior to when this form came into existence, evidenced by the footer on the proof of service form indicating "Rev. February 1, 2017". Second, Mr. Nelsen's name was misspelled multiple times (i.e. "Nelson" versus "Nelsen"). Third, there was no mention in Plaintiff's declaration that the proof of service was a "replacement." Mr. Nelsen claims the Court lost the proof of service. At trial, Nelsen admitted he lied about signing the proof of service in 2016 and admits he signed the proof of service in 2017. Finally, given Mr. Hamilton had declarations on May 15, 2017 when the County filed the MSJ, including all of the employees of the County who would have come into contact with the tort claim, indicating they had [n]ever seen the tort claim, and a declaration describing the internal systems by the County to include checks and balances to prevent tort claims from being lost. The Court finds the plaintiff lacked good faith.

Exhibit C at pp. 5-6 (record citations omitted).

7

under § 523(a)(6) and (a)(7).

The Superior Court later entered a final order granting the County's § 1038 motion and awarding reasonable attorney's fees of $121,837.50 and costs of $11,637.85. Exhibit C.

The Superior Court's final award of § 1038 "Defense costs" of $121,837.85 in attorney's fees and $11,637.85 in additional costs entered July 28, 2020, was appealed by Harrington.

The Third District Court of Appeal affirmed in all respects in a 12-page decision filed November 18, 2021, and directed award of "Defense Costs" on appeal. Exhibit D.

The California Supreme Court denied Harrington's Petition for Review on February 16, 2022. Exhibit E.

The Order awarding $59,197.50 in attorneys' fees as "Defense Costs" on appeal was entered June 3, 2022. Exhibit G.

### Conclusions of Law

It has been conclusively established all the way to the California Supreme Court that the defendant debtor Lynn Dee Harrington brought her tort action against the County of El Dorado in the Superior Court for the County of El Dorado without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the Complaint.

It has also been conclusively established that Harrington is liable to the County of El Dorado for $192,672.85 (= $121,837.50 + $11,637.85 + $59,197.50) as "defense costs" awarded pursuant to California Code of Civil Procedure § 1038.

A state court sanctions award for frivolous actions in bad

faith and abusive litigation tactics is eligible for imposition of issue preclusion in bankruptcy nondischargeability litigation. Papadakis v. Zelis (In re Zelis), 66 F.3d 205, 208-09 (9th Cir. 1995).

I

## 11 U.S.C. § 523(a)(7)

The first question of bankruptcy law in this adversary proceeding is whether the $192,672.85 "defense costs" award under § 1038 is excepted from discharge under 11 U.S.C. § 523(a)(7) "to the extent that such debt is a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit and is not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7).

The essential elements for the § 523(a)(7) exception to discharge, as stated in the statute, are: (1) fine, penalty, or forfeiture; (2) payable to and for the benefit of a governmental unit; and (3) not compensation for actual pecuniary costs. Albert-Sheridan v. State Bar of California (In re Albert-Sheridan), 960 F.3d 1188, 1193 (9th Cir. 2020); Searcy v. Ada County Pros. Atty Office (In re Searcy), 463 B.R. 888, 891 (9th Cir. BAP 2012), aff'd, 561 F.Appx 644 (9th Cir. 2014).

Although the question whether a debt is a "fine, penalty, or forfeiture" for purposes of § 523(a)(7) is a question of federal law, state law informs the analysis regarding the subject debt. Searcy, 463 B.R. at 892.

A

<u>Fine, Penalty, or Forfeiture?</u>

The issue is whether California Code of Civil Procedure § 1038 "defense costs" constitute a penalty for maintaining an action without reasonable cause and in bad faith.

We begin by noting that law of the Ninth Circuit holds that State Bar disciplinary cost awards under California Business & Profession Code § 6086.13 qualify as penalties for purposes of § 523(a)(7). <u>State Bar of California v. Findley (In re Findley)</u>, 593 F.3d 1048, 1053-54 (9th Cir. 2010).

An obvious purpose of Civil Procedure Code § 1038 is to deter frivolous litigation. It applies only to lawsuits that are determined by the court to have been frivolous (maintained without reasonable cause and without a good faith belief that there is a justifiable controversy).

The California Supreme Court broadly construes § 1038 in the interest of maximizing deterrence.

Although, at first glance the statute appears written in the conjunctive, the conjunction "and" linking "reasonable cause" and "good faith" is construed as meaning the legislature requires "that plaintiffs bring or maintain lawsuits <u>both</u> with reasonable cause <u>and</u> in good faith." Hence, absence of <u>either</u> reasonable cause <u>or</u> good faith will qualify for an award of "defense costs." <u>Kobzoff v. Los Angeles County Harbor/UCLA Med. Ctr.</u>, 19 Cal.4th 851, 862 (1998) (emphasis in original).

In other words, "before denying a section 1038 motion, a trial court must find the plaintiff brought or maintained an action in the good faith belief in the action's justifiability

10

and with objective reasonable cause." <u>Kobzoff</u>, 19 Cal.4th at 862.

The enactment of § 1038 was part of a legislative trend in California to address unjustified litigation by favoring creation of sanctions against litigants and attorneys to operate as disincentives and deterrents to the filing of such actions, in lieu of expanding after-the-fact malicious prosecution liability.

The California Supreme Court described this trend in 1989 in the course of discussing the malicious prosecution conundrum:

> While the filing of frivolous lawsuits is certainly improper and cannot in any way be condoned, in our view the better means of addressing the problem of unjustified litigation is through the adoption of measures facilitating the speedy resolution of the initial lawsuit and authorizing the imposition of sanctions for frivolous or delaying conduct within that first action itself, rather than through an expansion of the opportunities for initiating one or more additional rounds of malicious prosecution litigation after the first action has been concluded. <u>In recent years, the Legislature has taken several steps in this direction, enacting legislation to facilitate the early weeding out of patently meritless claims and to permit the imposition of sanctions in the initial lawsuit — against both litigants and attorneys — for frivolous or delaying conduct</u>.

<u>Sheldon Appel Co. v. Albert & Oliker</u>, 47 Cal.3d 863, 873-74 (1989) (emphasis supplied).

The terms of Civil Procedure Code § 1038 fit that mold of a policy to deter and punish frivolous litigation. The connection is also evident from the provision that the making of a § 1038 motion operates to waive the right to seek damages for malicious prosecution. Cal. Bus. & Prof. Code § 1038(c).

In this instance, the trial court concluded that Harrington flunked on both the "reasonable cause" and "good faith" counts, even though one would have sufficed.

It also is pertinent that the state court's determination that Harrington maintained her action without reasonable cause

11

and not in good faith makes the § 1038 award the functional equivalent of an award of sanctions under Federal Rule of Bankruptcy Procedure 9011, which clones the sanctions provisions of Federal Rule of Civil Procedure 11.

Rule 9011 and Rule 11 awards likewise serve functions that are corrective, punitive, and designed to be rehabilitative. Rule 9011/11 awards may require payment of a "penalty" and "all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed. R. Bankr. P. 9011(c)(2) & Fed. R. Civ. P. 11(c)(4).

It short, the § 1038 award in this case satisfies the first essential element of § 523(a)(7) nondischargeability.

B

Payable To And For Governmental Unit?

The second essential element of § 523(a)(7) is satisfied. The award is payable to and for the benefit of the County of El Dorado, a governmental unit of the State of California.

C

Not Compensation for Actual Pecuniary Costs

The third essential element of § 523(a)(7) is that the award must not be "compensation for actual pecuniary loss."

In the Collier treatise, it is explained courts narrowly construe the phrase "compensation for actual pecuniary loss." The concurrence of such other additional factors as deterrence and penal or rehabilitative purpose may make an award noncompensatory. 4 COLLIER ON BANKRUPTCY ¶ 523.13[2] (Richard Levin

& Henry J. Sommer eds. 16th ed. 2022); Findley, 593 F.3d at 1054; Whitehouse v. Laroche, 277 F.3d 568, 573 (1st Cir. 2002); U.S. Dep't HUD v. Cost Control Marketing & Sales Mgmt. of Va, Inc., 64 F.3d 920, 928 (4th Cir. 1995).

For example, in Findley, the Ninth Circuit deemed California State Bar disciplinary cost awards measured by "actual expenses" and "reasonable costs" incurred by the State Bar to serve penal and rehabilitative purposes sufficient to qualify as non-compensatory in nature. Findley, 593 F.3d at 1053-54.

In this instance, following Findley, it is incidental that the fact that the § 1038 award made for maintaining an action without reasonable cause and without a good faith belief that there was a justifiable controversy may be measured by actual expense incurred. That incidental correlation does not render the award compensatory for purposes of § 523(a)(7).

It follows that the cumulative § 1038 award of $192,672.85 is excepted from discharge by virtue of § 523(a)(7).

II

11 U.S.C. § 523(a)(6)

There is an adequate independent reason for excepting the § 1038 "defense costs" award from discharge.

In federal civil litigation, frivolous litigation activity merits sanctions under Bankruptcy Rule 9011 and Civil Rule 11.

The issue preclusive effects of the § 1038 determinations that Harrington maintained her action without reasonable cause and in bad faith tie into the discharge exception for willful and malicious injury. 11 U.S.C. § 523(a)(6).

Settled Ninth Circuit law holds that a state court sanctions award for litigation conduct that is frivolous and in bad faith satisfies the § 523(a)(6) requirement of conduct that is willful and malicious and without excuse. Zelis, 66 F.3d at 208-09.

As the Ninth Circuit explained in Zelis, "to give collateral estoppel [issue preclusive] effect to the California Court of Appeal's rulings, we need only decide whether the findings of that court are sufficient to establish the elements of nondischargeability under section 523(a)(6) for each of the sanctions." Frivolous litigation "necessarily causes harm to the opposing parties by requiring them to incur unnecessary litigation costs and attorneys' fees." Zelis, 66 F.3d at 209.

In this instance, the § 1038 "defense costs" award is based on determinations that the actions were "without reasonable cause" and "without a good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the Complaint." Such frivolous activity necessarily causes injury for the reasons noted in Zelis.

This Court directed that the trial of this matter address only the § 523(a)(7) count in the complaint. Ordinarily, reopening the record for additional evidence regarding the § 523(a)(6) count would be needed. However, the issue preclusive effect of the findings of the California courts makes it pointless to reopen to entertain a contest over § 523(a)(6) "willful and malicious" where Zelis foreordains the outcome.

Civil Rule 54(c) provides that the court "should grant the relief to which each party is entitled, even if the party has not requested that relief in its pleadings." Fed. R. Civ. P. 54(c).

14

Here, the § 523(a)(6) count is in the complaint. The law of the Circuit stated in <u>Zelis</u> dictates the § 523(a)(6) result in a fashion that would have warranted entry of summary judgment on the § 523(a)(6) count.

Hence, § 523(a)(6) provides an adequate, independent reason for the result excepting the § 1038 award from discharge.

### III
### Imputation of Responsibility

In her Trial Brief, Harrington contends that she is "legally blameless," that she "engaged in no conduct," and that the conduct of her counsel and of a registered process server were unfairly imputed to her. Trial Brief at pp. 2 & 10.

The record belies the "no conduct" argument. Harrington signed the "Declaration of Lynn D. Harrington in support of a Motion for Leave to file a First Amended Complaint" on May 31, 2017. To that Declaration she attached a copy of the Nelsen proof of service purportedly dated April 27, 2016, which proof of service turned out to have been fabricated and back-dated. Vouching for the Nelsen proof of service was "conduct."

As to attempting to avoid the imputation of liability, the argument that her lawyer is culpable is unpersuasive.

The United States Supreme Court has addressed this issue:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct impose an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts,

15

notice of which can be charged upon the attorney."
Link v. Wabash R. Co., 370 U.S. 626, 633-34 (1962).

Blaming the "freely selected agent" does not qualify defendant for a free pass from § 523(a)(7).

## Conclusion

The award of "defense costs" totaling $192,672.85 pursuant to California Code of Civil Procedure § 1038 against the debtor is excepted from discharge pursuant to 11 U.S.C. § 523(a)(7) and, as an adequate independent basis, excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

An appropriate judgment has issued in a separate order.

Dated: November 19, 2024

_____
United States Bankruptcy Judge

16